**In the Matter of William R. NORMAN.**

No. 45S00–9505–DI–507.

Supreme Court of Indiana.

Jan. 12, 1996.

Hilbert Bradley, Gary, for respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## PER CURIAM.

On May 3, 1995, the Disciplinary Commission charged the respondent, William R. Norman, an attorney admitted to practice in this state in 1974, with neglect and other misconduct in connection with representation he provided to a client following an automobile accident. Specifically, the Commission charged that the respondent violated rules 1.2(a), 1.3, 1.4, 1.5(c), 1.8(e), and 1.16(d) of the *Rules of Professional Conduct for Attorneys at Law*.[1] Pursuant to Ind.Admission and Discipline Rule 23, Section 11(g), the Commission and the respondent have tendered for this Court's approval a *Statement of Circumstances and Conditional Agreement for Discipline* purporting to resolve this action. We approve the tendered agreement and herein recite the agreed facts and reach conclusions as to the specific misconduct that occurred.

The agreed facts are as follows: On July 13, 1990, a client retained the respondent to

---

1. The rules alleged to have been violated provide, in relevant part, as follows:

Prof.Cond.R. 1.2(a): A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to subparagraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. . . .

Prof.Cond.R. 1.3: A lawyer shall act with reasonable diligence and promptness in representing a client.

Prof.Cond.R. 1.4: (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Prof.Cond.R. 1.5(c): A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited [under other law or provisions]. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue in the

event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing remittance to the client and the method of its determination.

Prof.Cond.R. 1.8(e): A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

Prof.Cond.R. 1.16(d): Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. . . .

represent her following an automobile accident. They entered an oral contingent fee arrangement, the terms of which were never reduced to writing. On March 7, 1991, the respondent loaned his client $300 and memorialized the transaction in a promissory note which provided that the respondent was to be reimbursed from any recovery that he might obtain in settlement of his client's claims. On July 10, 1992, the respondent filed suit against the driver alleged to be at fault. On April 20, 1993, that driver's insurance carrier settled the case by issuing two checks in the amounts of $90,000 and $3,750, respectively, to the respondent. He failed to deposit the checks into an attorney trust account. At the respondent's request, the client met with the respondent on April 23, 1993 at the bank on which the checks were drawn to cash the checks. While at the bank, a dispute arose between the respondent and his client over the fees the respondent was to receive according to their oral contingent fee agreement. The respondent agreed to accept $25,000 in fees and not seek reimbursement of the $300 he had loaned his client. He provided no settlement statement to the client.

On July 13, 1992, the respondent had also filed another suit, on behalf of the same client, against third parties seeking to recover an amount equal to the damages which his client was found to be responsible for under the Indiana Comparative Fault statute. Aside from that initial filing, the respondent failed to take any action in pursuit of the case despite numerous attempts by the client to ascertain the status of the matter. When the client eventually contacted the respondent, he informed her that the summons for the suit would be filed "within the next couple of days." He never in fact filed the summons.

■ We find that the agreed facts establish that the respondent violated Ind.Professional Conduct Rule 1.3 in that his failure to pursue the damage suit against the third parties after initial filing represents an impermissible lack of promptness and diligence. By failing to keep his client reasonably informed about that case or to respond to her requests for information, the respondent violated Prof.Cond.R. 1.4(a). By failing to reduce the oral contingent fee agreement to writing or to provide his client with a written settlement statement at the conclusion of the suit against the driver at fault, the respondent violated Prof.Cond.R. 1.5(c). By failing to deposit his client's settlement proceeds into a trust account and failing to provide her with a written settlement agreement, the respondent did not employ reasonably practicable measures to protect her interests following termination of representation and thus violated Prof.Cond.R. 1.16(d). We do not find that the agreed facts set forth violations of Prof.Cond.R. 1.2(a) or 1.4(b). Further, we decline to find a violation of Prof.Cond.R. 1.8(e) in that there is nothing in the agreed facts indicating that the $300 loaned by the respondent to his client was "in connection with pending or contemplated litigation," as required by that rule in order to constitute a prohibited transaction.

■ Having found misconduct, we now assess the appropriateness of the agreed sanction, that being a suspension from the practice of law for a period of thirty (30) days. Although the respondent secured a favorable settlement for his client in the first case, he thereafter failed to take the steps to protect his client's interests. By not preparing a written contingent fee agreement or settlement statement, he set the stage for a fee dispute with his client. By neglecting to deposit the settlement proceeds into an attorney trust account, he failed to abide by well-recognized principles of client fund management. Our *Rules of Professional Conduct* suggest that a lawyer hold the property of others with the care required of a professional fiduciary. *See Comment* to Prof.Cond.R. 1.15. To that end, a lawyer must keep client funds in an account separate from the lawyer's own property.[2] The respondent's complete lack of action in the second case, save

---

**2.** Although the respondent in this case is not charged with violating Prof.Cond.R. 1.15, subsection (a) of that rule requires lawyers to keep a client's funds "in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person."

for the filing of the initial pleadings, represents an impermissible lack of diligence. He exacerbated the situation by assuring the client that he would file a summons, then failing to do so. Causes of action are lost, the seeds of client anxiety planted and the public's perception of the integrity of the legal system eroded when practitioners inexplicably cease action after agreeing to provide representation. We are convinced that the respondent's actions call for a vigorous reprisal from this Court and thus we accept the agreed sanction.

It is, therefore, ordered that the respondent, William R. Norman, be suspended from the practice of law for a period of thirty (30) days, beginning February 19, 1996.

Costs of this proceeding are assessed against the respondent.